IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RODGER E. TULLIS, | CASE NO. 5:25-CV-00680 |
| Plaintiff, | CHIEF JUDGE SARA LIOI |
| vs. | |
| GOJO INDUSTRIES, INC., | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Defendant. | **ORDER** |

Pursuant to Fed. R. Civ. P. 37(a) and L.R. 37.1(a)(1), the parties must make sincere good faith efforts to resolve a discovery dispute before they may seek court intervention to resolve the dispute.  As a general matter, the undersigned interprets the requirement for sincere good faith efforts under L.R. 37.1(a)(1) to require that the parties meet and confer orally—by telephone, video conference, or in person—in an effort to resolve the dispute prior to any court intervention.

On February 6, 2026, the discovery dispute outlined in Plaintiff's Notice of Request for Local Rule 37.1 Telephone Conference (ECF Doc. 33 ("Request for Conference")) was referred to the undersigned for resolution.  (ECF Doc. 37.)  Plaintiff seeks court intervention relating to Defendant's alleged deficient responses to his Request for Production of Documents and Interrogatories served on November 14, 2025.  (ECF Doc. 33.)  He asserts that a letter summarizing the discovery issues was sent to Defendant on January 16, 2026.  (ECF Doc. 33, p. 3.)  Further, Plaintiff asserts that Defendant has not supplied a written response to the January 16, 2026 letter, although it has been discussed in telephone conferences.  (*Id*.)  Plaintiff outlines the pending "General Discovery Issues" in his Request for Conference, stating:

1

> The issue regarding Plaintiff's Production Requests is Defendant has not provided any responses to them, which are now fifty (50) days late. The issues with Defendant's Interrogatory Answers are set forth generally in attached Exhibit "A" at pages 14-21 and concern Defendant's evasive answers to Plaintiff's search for such basic discoverable information with respect to, *inter alia*, Defendant's Commercial Division: 1) the basis for and selection criteria for selecting each employee for termination or retention or each position for elimination in conjuction with each of Defendant's three successive RIFs–information which was additionally required to have been set forth back on August 31, 2023 by the *Older Workers Benefit Protection Act* (OWBPA), 29 U.S.C.S. § 626 et seq., but was nevertheless omitted from Defendant's OWBPA Disclosure Notice to Plaintiff, just as it has been omitted from Defendant's answers to Plaintiff's Interrogatories; 2) the basis for and identification of Defendant's decision makers for Defendant's three successive RIFs, the selection criteria, restructuring of Defendant, formation of decisional units, job elimination or modification, selection of employees for termination or retention, as well as selection or nonselection for transfers to open positions in lieu of its RIFs or for re-hiring for a position Plaintiff applied for post RIF; 3) the replacement, assumption or elimination of Plaintiff's and comparators' job duties; 4) Plaintiff's comparators and their disparate treatment; and 5) contact information (including dates of birth and gender) which was additionally required to be supplied in Defendant's initial disclosures. Moreover, Plaintiff seeks statistical information, including the name, title, date of birth and gender each salaried employee of Defendant who was selected for termination or retained for each of the three successive RIFs, necessary for any of Plaintiff's experts and to demonstrate a pattern and practice of age or gender discrimination and additionally as set forth above.

(ECF Doc. 33, pp. 3-4.)

No later than February 12, 2026, Defendant shall provide a written response to Plaintiff that specifically addresses each of the "General Discovery Issues" identified above. Thereafter, counsel for the parties shall meet and confer by telephone, video conference, or in person to discuss the dispute, and at that meeting shall endeavor in good faith to resolve this matter.

No later than February 19, 2026, the parties shall file a Joint Status Report, not to exceed three double-spaced pages, which shall be signed by counsel for each party. The Joint Status Report shall outline the efforts made to resolve the discovery dispute and set forth the results of the parties' meet and confer efforts, providing specific details regarding all disputed issues that remain unresolved. To the extent that any unresolved issues pertain to written discovery requests

2

or responses, copies of the relevant discovery requests and responses shall be sent to Magistrate Judge Knapp via email at Knapp_Chambers@ohnd.uscourts.gov no later than February 20, 2026.

    A telephone conference with counsel and Magistrate Judge Knapp is scheduled for February 23, 2026, at 3:00 p.m.  Instructions for connecting to the conference line will be emailed to counsel in advance of the call.

Dated: February 6, 2026

                                          */s/ Amanda M. Knapp*
                                          AMANDA M. KNAPP
                                          UNITED STATES MAGISTRATE JUDGE