**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |
|---|---|
| RODGER E. TULLIS,<br><br>       Plaintiff,<br><br>vs.<br><br>GOJO INDUSTRIES, INC.,<br><br>       Defendant. | CASE NO. 5:25-CV-00680<br><br>CHIEF JUDGE SARA LIOI<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**<u>ORDER</u>** |

Pending before the Court is Plaintiff's Second Notice of Request for Local Rule 37.1 Telephone Conference.[1] (ECF Doc. 47 ("Notice of Discovery Dispute").) Plaintiff seeks court intervention relating mainly to Defendant's alleged deficient responses to his First Request for Production of Documents. (*Id*.) He asserts that the requested information is needed to allow him to properly conduct depositions that are starting in approximately two weeks and continuing through the first three weeks of July and so that his consultants and/or experts can timely prepare reports by their August 7, 2026 deadline. (*Id*.) He asserts that a letter summarizing the discovery issues was sent to Defendant on May 22, 2026. (*Id*. at p. 2; ECF Doc. 47-1.) Plaintiff outlines the pending "General Discovery Issues" in his Request for Conference, stating:

> The current discovery issues include, but are not limited to, generally, the following: 1) certain sales documents showing sales originated by Plaintiff and his comparators; 2) certain documents showing who actually decided to eliminate Plaintiff's position and terminate Plaintiff, why and the process of doing so; 3) documents showing Plaintiff was replaced; 4) documents showing Defendant's Foodservice department–where Plaintiff worked and which Defendant claimed had

---

[1] On February 5, 2026, Chief Judge Sara Lioi entered an order referring an earlier filed discovery dispute and such other discovery-related issues that might develop in the case to the undersigned. (ECF Doc. 37.)

to be dismantled in the RIF-- was actually a top company priority; 5) documents showing older or male employees were targeted for layoff; 6) certain documents regarding a limited number of older employees who were claimed to have retired but received severance agreement(s), and records of certain older employees terminated allegedly for petty performance reasons; which demonstrate they were really terminated as part of the claimed RIF and therefore should have been included in the decisional unit but were not allegedly to manipulate the statistics; 7) documents showing talent and succession ratings for Plaintiff, older males and comparators; 8) documents about the false intoxication accusation against Plaintiff; 9) DEI and related policies; 10) tenure/dates of employment for salaried employees; 11) compensation information for certain employees; 12) challenges to Defendant's privilege log and request for an in camera inspection concerning, inter alia, employment decisions that are not considered legal advice but rather unprivileged business advice; 13) personnel file, resume, applications, interview notes, etc. for the under-forty person who Defendant hired over Plaintiff following Plaintiff's application for a post-RIF position, as well as the correct date of birth of the person hired and the person who hired him; 14) documents showing Defendant's net worth for the issue of punitive damages; and 15) those issues concerning documents and information Defendant has not produced that are set forth in Exhibit "A", attached hereto.

(ECF Doc. 47, pp. 3-4.)

Pursuant to Fed. R. Civ. P. 37(a) and L.R. 37.1(a)(1), the parties must make sincere good faith efforts to resolve a discovery dispute before they may seek court intervention to resolve the dispute. As a general matter, the undersigned interprets the requirement for sincere good faith efforts under L.R. 37.1(a)(1) to require that the parties meet and confer orally—by telephone, video conference, or in person—in an effort to resolve the dispute prior to any court intervention.

While Plaintiff asserts that discovery conferences with Defendant's counsel occurred before and after Plaintiff sent the May 22, 2026 deficiency letter, given the extent of the discovery issues outlined in Plaintiff's Notice of Discovery Dispute, it is not clear that sincere good faith efforts to resolve or narrow the issues requiring court intervention have taken place. Accordingly, no later than June 22, 2026, Defendant shall provide a written response to Plaintiff that specifically addresses each of the "General Discovery Issues" identified above. Thereafter,

2

counsel for the parties shall meet and confer by telephone, video conference, or in person to discuss the dispute, and at that meeting shall endeavor in good faith to resolve this matter.

No later than noon on June 24, 2026, the parties shall file a Joint Status Report, not to exceed three double-spaced pages, which shall be signed by counsel for each party.  The Joint Status Report shall outline the efforts made to resolve the discovery dispute and set forth the results of the parties' meet and confer efforts, providing specific details regarding all disputed issues that remain unresolved.  To the extent that any unresolved issues pertain to written discovery requests or responses, copies of the relevant discovery requests and responses shall be sent to Magistrate Judge Knapp via email at Knapp_Chambers@ohnd.uscourts.gov no later than noon on June 24, 2026.

A telephone conference with counsel and Magistrate Judge Knapp is scheduled on June 25, at 3:00 p.m.  Instructions for connecting to the conference line will be emailed to counsel in advance of the call.

Dated: June 17, 2026

/s/ Amanda M. Knapp
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE